IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANESSA FISHER, | * | |
| | * | |
| v. | * | Civil No. JFM 10-CV-0206 |
| | * | |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.* | * | |

\*\*\*\*\*\*

## MEMORANDUM

Vanessa Fisher ("Plaintiff") brings this employment discrimination action against her former employer, the Department of Public Safety and Correctional Services ("the Department"), an agency of the State of Maryland ("the State"), as well as Warden Kathleen S. Green ("Warden Green"), in her official and individual capacities (collectively "Defendants"). Plaintiff alleges racial discrimination and harassment pursuant to 42 U.S.C. § 2000e, racial discrimination in the making and enforcement of Plaintiff's employment contract pursuant to 42 U.S.C. § 1981, and violations of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory and injunctive relief and awards of compensatory damages, punitive damages, and attorney's fees and costs. Now pending before this Court is Defendants' motion to dismiss. For the following reasons, the motion to dismiss is granted in part and denied in part.

### I. FACTUAL BACKGROUND

Plaintiff began employment at Eastern Correctional Institution ("ECI"), a facility operated by the Department, in August 2005, and was employed as a Correctional Officer II at

1

the time of the incident that gives rise to this case. According to Plaintiff, toward the end of her employment with the Department, she adopted a prominent "weave" hairstyle which she describes as "distinctive of her African-American ethnicity." (Complaint at ¶¶ 9-10.) Plaintiff alleges that she was subjected to racially based harassment and discrimination as the result of this hairstyle change. Part of this alleged harassment occurred on November 4, 2008, when Officer Wilson Mason ("Officer Mason"), a white coworker, approached Plaintiff and aggressively pulled her hair with such severity that Plaintiff sought medical treatment. The following day, Plaintiff filed a Matter of Record with her employer describing the attack. Plaintiff claims she told her supervisors repeatedly that she did not instigate the incident, but an investigation, which included interviewing several eyewitnesses, suggested that Plaintiff initiated physical contact with Officer Mason. Warden Green proposed Plaintiff's termination on November 13, 2008 and the termination was finalized on December 2. Officer Mason was not disciplined.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could

draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). To require otherwise would essentially create a "heightened pleading standard" under which a plaintiff without direct evidence of discrimination would need to plead a prima facie case even though she might uncover direct evidence during discovery. *Id.* at 511-12. This would create the "incongruous" result of requiring a plaintiff "to plead more facts than [s]he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.* Furthermore, before discovery "it may be difficult to define the precise formulation of the required prima facie case in a particular case." *Id.* at 512; *see also Twombly*, 550 U.S. at 569-570 (explaining that *Swierkiewcz* is consistent with more recent case law).[1]

### III. DISCUSSION

Because a number of documents were attached to the complaint, the motion to dismiss, and the response, it is necessary to begin by determining which exhibits are properly before the Court at this time. Under Federal Rule of Civil Procedure 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Therefore, the Court may consider any and all exhibits attached to plaintiff's complaint. *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Where the allegations in a complaint conflict with the

---

[1] Although the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*, *Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009), the analysis cited here remains good law. *Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination.'") (citations omitted).

attached documents, the exhibits prevail. *Fare Deals, Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 683 (D. Md. 2001) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)). The court also "may properly take judicial notice of matters of public record." *Philips*, 572 F.3d at 180.

When a defendant attaches documents to a motion to dismiss, a court has three options. First, if the documents meet certain requirements, the court may consider them when evaluating the motion to dismiss. If the documents do not qualify for consideration at the motion to dismiss stage, the court has two other alternatives: (1) it can either entirely disregard the attached documents; or (2) under limited circumstances, it may convert the motion into a motion for summary judgment and consider all attached documents.

Under the first approach, documents attached to the motion to dismiss may be considered, "so long as they are integral to the complaint and authentic." *Philips*, 572 F.3d at 180 (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *see also CACI Int'l, Inc. v. St. Paul Fire and Marine Ins., Co.*, 566 F.3d 150, 154 (4th Cir. 2009) ("This circuit has also held that courts may consider a document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." (internal quotations and citation omitted)).[2] To be considered, an attached document must "be central or integral to the claim in the sense that its very existence, and *not the mere information it contains*, gives rise to the legal rights asserted." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007) (emphasis added). For instance, courts have found integral the allegedly fraudulent document in a fraud action, the allegedly

---

[2] The same standard applies to documents attached to a plaintiff's response in opposition. *See Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222-23 (4th Cir. 2009). Here, the documents attached to Plaintiff's response are identical to those attached to her complaint, so they are automatically included under Rule 10(c), and no further analysis is necessary.

libelous magazine article in a libel action, and the documents that "constitute the core of the parties' contractual relationship" in a breach of contract dispute. *Id.* (citing *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1014-15 (1st Cir. 1988); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 430-31 (7th Cir. 1993)); *see also, Robinson*, 551 F.3d at 222-23 (finding warranties attached to a motion to dismiss integral in a breach of warranty case); *Phillips v. LCI Intern, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (finding a newspaper article containing statements made by a company's chief executive integral in a case about whether the statements were material misrepresentations made with intent to defraud). In contrast, a newspaper article that "[a]t most . . . provided plaintiffs with some notice of a possible right of action" was not "integral" to the complaint. *Walker*, 517 F. Supp. at 806.[3]

If a defendant attaches non-integral documents to a motion to dismiss, the simplest course for a court to take is to disregard them. *See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997). Under this approach, the court evaluates the complaint and the motion to dismiss under the usual standard of review for motions to dismiss. If it follows this option, the court should "expressly exclude any attached, supported materials." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 498 (E.D. Va. 2003) (citing *Finley*, 109 F.3d at 996).

Finally, a court presented with non-integral documents at the motion to dismiss stage may convert the motion to dismiss into a motion for summary judgment under Rule 56 and consider the defendant's exhibits. *Finley*, 109 F.3d at 996 ("[N]o conversion occurs unless and until a

---

[3] Some courts in the Eastern District of Virginia read *Walker* as requiring the application of the "integral and authentic" test to documents attached to complaints. *See, e.g.*, *Shanklin v. Seals*, No. 3:07cv319, 2010 WL 1225741, *10 (E.D. Va. March 26, 2010); *Bowman v. Johnson*, 3:08CV449-HEH, 2010 WL 1225693, *4 (E.D. Va. March 26, 2010).

court indicates that it will consider the extraneous material."). Before a motion to dismiss can be converted into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d); *Bay Tobacco,* 261 F. Supp. 2d at 498 (citing *Finley,* 109 F.3d at 996). A district court "has an obligation to notify parties regarding any court-instituted changes in the pending proceedings [such as converting a motion to dismiss into a motion for summary judgment, but] does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). So, for example, where a plaintiff responds to a motion to dismiss or a motion for summary judgment in the alternative, the district court need not provide specific notice that it may decide the matter as a motion for summary judgment. *See id.* On the other hand, where a defendant attaches exhibits to a standard motion to dismiss, the court should only convert the motion to one for summary judgment if it indicates that it will be including the extraneous materials in its analysis. *See Finley*, 109 F.3d at 996.

Here, both parties attached several exhibits to their filings. Plaintiff attached the following to her complaint: (1) an Eastern Correctional Institution Matter of Record form dated November 5, 2008, in which Plaintiff reported her version of the assault (Complaint, Exh. A); (2) an Unsatisfactory Report of Service form filed by Warden Green on November 13, 2008, detailing the reasons Green believed Plaintiff's position should be terminated (Complaint, Exh. B); (3) the Notice of Termination ("the Notice"), signed by Warden Green on November 13, 2008, outlining the Department's investigation into the incident and concluding that the Plaintiff was at fault (Complaint, Exh. C); and (4) the Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission (Complaint, Exh. D). These documents are part of the pleadings under Rule 10(c) and therefore are considered at the motion to dismiss stage. Taken

together, however, they simply show that Plaintiff and the Department disagree as to how the event at issue unfolded.

Defendants also attached a number of documents to their filings, only some of which are properly considered at the motion to dismiss stage. The motion to dismiss includes: (1) the "Order on Motion" issued by an administrative law judge on November 10, 2009 (Motion to Dismiss, Exh. 1); (2) a Notice of Hearing/Trial issued December 9, 2009; and (3) the Charge of Discrimination Form signed by Plaintiff, alleging that she was discriminated against from November 4, 2008 until November 10, 2008 (Motion to Dismiss, Exh. 3). Because these documents are all public record, they can be considered at the motion to dismiss stage without converting the motion into one for summary judgment. They add little, however, to the current analysis.

In contrast, the more factually relevant documents attached by Defendants to the Reply to Plaintiff's Opposition cannot be considered with the motion to dismiss. These documents are the Matter of Record forms completed by Correctional Sergeant R. Johnson (Reply, Exh. 1), Officer S. Curtis (Reply, Exh. 2), Officer Scarborough (Reply, Exh. 3), and Officer Wilson Mason (Reply, Exh. 4). These documents are not integral because they simply provide competing accounts of the dispute, rather than being the source of the action. Although these documents are likely helpful at the motion for summary judgment stage, the Court will not convert the motion to one for summary judgment because Plaintiff was not on notice that the Court might do so. The motion to dismiss did not ask for summary judgment as an alternative remedy. Consequently, the appropriate course of action is for the Court to disregard these exhibits at this time.

A. <u>Count I: Racial Discrimination and Harassment under Title VII</u>

In Count I, Plaintiff charges the Department with racial harassment pursuant to 42 U.S.C. § 2000e, claiming that "persistent and severe harassment altered the conditions of [Plaintiff's] employment and created an abusive and hostile work environment." (Complaint at ¶ 15.) Specifically, Plaintiff alleges that the Department "failed to exercise reasonable care in preventing and correcting such harassing behavior," leading to Plaintiff's loss of wages and employment benefits. (*Id.* at ¶¶ 17-18.) Officer Mason was not disciplined, and Plaintiff was terminated. (*Id.* at ¶ 16.) Although it is not entirely clear whether Plaintiff intends this Count to be for a hostile work environment or for racially discriminatory discipline, Plaintiff meets the relatively minimal threshold for surviving a motion to dismiss. Defendants' arguments to the contrary are more appropriate at the summary judgment stage. Plaintiff's pleading provides sufficient factual information to place the Defendants on notice of her claim and is facially plausible. Therefore, it is inappropriate to dismiss the claim at this time.

B. <u>Count II: Racial Discrimination in the Making and Enforcement of Plaintiff's Employment Contract under 42 U.S.C. § 1981</u>

Count II alleges that all Defendants were racially discriminatory in the making and enforcement of plaintiff's employment contract pursuant to 42 U.S.C. § 1981. Defendants counter that this claim is barred because 42 U.S.C. § 1983 is the exclusive federal remedy for violations of 42 U.S.C. § 1981 by state actors.

"[W]hen suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)). As the Supreme Court explained in *Jett*, "the Court had no power to imply or create a damages remedy for § 1981 suits against *state* actors because Congress had established its own application scheme in § 1983." *Victors v. Kronmiller*, 553 F. Supp. 2d 533, 543 (D. Md. 2008) (citing *Jett*, 491 U.S. at

731-32). Because § 1983—and not § 1981—explicitly provides protection against actions "under color of [law]," where a plaintiff has only alleged that actions under color of law deprived her of her rights, the suit may only be brought under § 1983. *Id.* at 543-44. *But see Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Authority*, 320 F. Supp. 2d 378, 403 (M.D.N.C. 2004) ("[A] § 1981 claim in effect merges with § 1983, and courts treat the claims as a single claim.").[4] Plaintiff does not argue, nor could she, that any of the Defendants are not state actors. For this reason, the motion to dismiss is granted as to Count II.[5]

### C. Violation of the Equal Protection Clause of the Fourteenth Amendment

In Count III, Plaintiff alleges that all Defendants violated the Equal Protection clause of the Fourteenth Amendment, actionable under 42 U.S.C. § 1983, because they treated her "worse than others similarly situated, because of her African-American ethnicity." (Complaint at ¶ 24.) The Equal Protection Clause provides that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, §1. Making an equal protection claim requires a plaintiff to "first demonstrate that he has been treated differently from others with whom he is similarly situated and the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If this showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* (citations omitted).

Here, Plaintiff fails to plead facts to support an equal protection claim. She baldly asserts that she was treated differently because of her race. She does not identify even one similarly

---

[4] Even under the *Davis* approach, Plaintiff's § 1981 claim would fail because Plaintiff "has not alleged any official policy or custom of race discrimination by [Defendants], nor can any inference be drawn from the [Complaint] that the alleged race discrimination against Plaintiff was caused by an official policy or custom of the [Defendants]." *Davis*, 320 F. Supp. 2d at 403-04.
[5] Defendants also argue that the Eleventh Amendment bars Count II as against the State and Warden Green in her official capacity. Because I am dismissing Count II on other grounds, I will not address this argument.

9

situated individual to whom the Court can compare her treatment; Officer Mason is not similarly situated because a detailed investigation unambiguously concluded that it was Plaintiff, not Officer Mason, who behaved inappropriately during the incident at issue. Plaintiff also fails to provide information from which the Court could conclude that Defendants' actions were rooted in racial discrimination. Plaintiff's Complaint and attached Notice of Termination instead suggest that Defendants terminated Plaintiff's position because they had reason to believe she acted violently toward a coworker. Plaintiff's Complaint, without more, cannot withstand the motion to dismiss. Count III is therefore dismissed.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Specifically, Counts II and II are dismissed.

Date: July 8, 2010

/s/
J. Frederick Motz
United States District Judge

---

[6] Because I am dismissing this Count for failure to state a claim, I will not address Defendants' arguments that Count III should be dismissed (1) as against the Department and Warden Green in her official capacity because they are not "persons" under § 1983; (2) as against the Department and Warden Green in her official capacity because the Eleventh Amendment bars the claim; and (3) as against Warden Green in her individual capacity because she is protected by qualified immunity.