IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANESSA FISHER, | * | |
| v. | * | Case No. JFM-10-CV-206 |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, | * | |

**MEMORANDUM**

Vanessa Fisher ("Plaintiff"), an African-American female, brings this employment discrimination action against her former employer, the Maryland Department of Public Safety and Correctional Services ("the Department"), alleging racial discrimination and harassment pursuant to 42 U.S.C. §2000(e).[1] Discovery has been completed, and the Department now moves for summary judgment. Plaintiff opposes the motion. For the reasons stated below, the Department's motion is granted.

**I.     Facts**

Plaintiff began employment at Eastern Correctional Institution ("ECI"), a facility operated by the Department, in August 2005, and was employed as a Correctional Officer II at the time of the incident that gives rise to this case. Near the end of her employment with the Department, Plaintiff adopted a prominent "weave" hairstyle which she describes as "distinctive of her African-American ethnicity." (Compl. at ¶¶ 9-10). Plaintiff alleges that she was subjected to racially based harassment and discrimination as a result of this hairstyle change, including

---

[1] I previously granted a motion to dismiss Counts II and III of Plaintiff's Complaint, which included claims against Warden Kathleen S. Green in her official and individual capacities. (Memorandum and Order of July 8, 2010 [Dkt. 11 & 12]).

verbal teasing, touching, and inquiries as to whether Plaintiff's hair was real or fake. Pl. Oppn., Exh. 1 at 11-12. Both African-American and white co-workers participated in this hairstyle-related behavior. Pl. Oppn., Exh. 1 at 12-13. Part of the alleged harassment occurred on November 4, 2008, when Officer Wilson Mason ("Officer Mason"), a white co-worker, approached Plaintiff and aggressively pulled her hair with such severity that Plaintiff sought medical treatment. The following day, Plaintiff filed a Matter of Record with her employer describing the hair-pulling incident. Pl. Oppn., Exh. 3. Plaintiff's Matter of Record made no reference to the ethnic derivation of her hairstyle, any previous teasing or touching by any co-workers, or any racial animus for Officer Mason's conduct. Pl. Oppn., Exh. 3. An investigation ensued and several eyewitnesses, including two African-American eyewitnesses, contradicted Plaintiff's version of events and suggested that Plaintiff had in fact initiated the physical contact with Officer Mason. Pl. Oppn., Exh. 4. Warden Kathleen S. Green proposed Plaintiff's termination on November 13, 2008. Pl. Oppn., Exh. 5. The termination was finalized on December 2, 2008. Pl. Oppn., Exh. 6. Officer Mason was not disciplined. Pl. Oppn., Exh. 2 at 17.

## II. Discussion

### A. Legal Standard for Summary Judgment

A motion for summary judgment is granted under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990). Summary judgment is precluded only when there are disputes over the facts that might affect the outcome of the proceedings under the applicable law. Factual disputes that are not relevant or not necessary will not be considered in a summary judgment motion. Anderson v. Liberty

2

Lobby, Inc., 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing that there is not evidence to support the non-moving party's case, and the moving party must only show an absence of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In response, the non-moving party must show that there is a genuine issue for trial. A court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." Anderson, 477 U.S. at 242-43.

### B. Hostile Work Environment Claim

To establish a hostile work environment claim, a plaintiff must show that: (1) the harassment was unwelcome; (2) the harassment was based on the plaintiff's race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. See Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998).

Plaintiff has established only the first of the four required prongs. With respect to the second prong, Plaintiff has not shown sufficient evidence that the harassment was based on her race. She acknowledged that none of the teasing or taunting about her hair involved any racial epithets or references to her race. Pl. Oppn., Exh. 1 at 15. While she believes that her co-workers' interest in her hair existed because she changed her hairstyle more frequently than "white people," Pl. Oppn., Exh. 1 at 12, she has not demonstrated that her co-workers would have treated a white person with a similarly interesting or unusual hairstyle any differently. See Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998) (requiring that a plaintiff demonstrate that "but for" her race, she would not have been subjected to the alleged discrimination). Moreover, Plaintiff acknowledged that African-American officers and employees asked the same type of

questions about her hair as white officers asked. Pl. Oppn., Exh. 1 at 13. It appears that any harassment that took place was motivated by Plaintiff's hairstyle, not her race.

With respect to the third prong, Plaintiff has not established that the harassment was sufficiently severe or pervasive to alter her conditions of employment or create an abusive atmosphere. The single incident that occurred on November 4, 2008, even crediting Plaintiff's version of the events, is insufficiently serious and insufficiently connected to racial animus to constitute a hostile work environment based on race. Title VII hostile work environment claims do not "provide a remedy for every instance of verbal or physical harassment in the workplace." Lissau v. Southern Food Serv., Inc., 259 F.3d 177, 183 (4th Cir. 1998) (citations omitted). The Supreme Court has emphasized the high standard in stating that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal quotations and citations omitted). Plaintiff's evidence consists of exactly that: noticing that "a couple of [co-workers] was like sort of teasing me about my hairstyle," Pl. Oppn., Exh. 1 at 13-14, and a single isolated incident of significant hair-pulling. In totality, that harassment would not be sufficiently severe or pervasive to satisfy the third prong required to establish a hostile work environment.

Finally, Plaintiff's hostile work environment claim fails because there is no evidence to establish a basis for imposing liability on the employer. An employer is liable for harassment by the victim's co-workers only "if it knew or should have known about the harassment and failed to take effective action to stop it." Howard v. Winter, 446 F.3d 559, 565 (4th Cir.2006) (quoting Ocheltree v. Scollon Productions Inc., 335 F.3d 325, 334 (4th Cir. 2003). "Knowledge of harassment can be imputed to an employer if a reasonable person, intent on complying with Title

4

VII, would have known about the harassment." Ocheltree, 335 F.3d at 334 (internal quotations omitted). Once the employer has notice, then it must respond with remedial action "reasonably calculated to end the harassment." Amirmokri v. Baltimore Gas and Electric Co., 60 F.3d 1126, 1131-32 (4th Cir. 1995); see also Howard, 446 F.3d at 570-71.

In support of her contention that the Department had notice of the harassment, Plaintiff relies exclusively on the Matter of Record she filed and suggests that it "clearly depicts a pattern of harassment that escalated to the point of physical assault." Pl. Oppn. at 8. To the contrary, however, the Matter of Record Plaintiff filed makes no mention of any prior harassment by anyone, and it makes no mention of race whatsoever, including any reference to the hairstyle Plaintiff describes in her Complaint as ethnically distinctive. The Matter of Record describes only an unprovoked hair-pulling assault by Officer Mason, with no suggestion of any racial motivation. There is no other evidence in the record before me to support that the Department knew, or that a reasonable party should have known, about any harassing or discriminatory conduct by Plaintiff's co-workers.

In fact, at her deposition, Plaintiff expressly disavowed having brought any alleged racial discrimination to the Department's attention prior to her termination. Plaintiff testified that she never complained to anyone about racial discrimination before her termination, never complained that she was being subjected to a hostile work environment, and did not avail herself of the process by which an ECI employee could make a complaint about discrimination. Pl. Oppn., Exh. 1, at 48-49. Because Plaintiff has failed to demonstrate any actual or imputed knowledge on the basis of the employer to create a basis for imposing liability, and for the other reasons described above, Plaintiff's hostile work environment claim is barred.

C.   **Discriminatory Discharge Claim**

Because Plaintiff presents no direct evidence of discrimination, her discriminatory discharge claim is subject to the familiar burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). She must first establish a *prima facie* case of race discrimination by showing that "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." Hill v. Lockheed Martin Logistics Mgmt, 354 F.3d 277, 285 (4th Cir. 2004) (en banc).

If Plaintiff succeeds on this step, the burden then shifts to the Department to advance a legitimate, nondiscriminatory reason for the action taken. McDonnell Douglas, 411 U.S. at 802. The Department's burden at this stage is not one of persuasion, but merely one of production. *Id.* If the Department successfully proffers such an explanation, the burden shifts back to Plaintiff to show that the proffered reason is merely a pretext. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993). Plaintiff's mere belief that her termination was race-driven is insufficient to avoid judgment as a matter of law. See Williams v. Cerberonics, 871 F.2d 452, 456 (4th Cir.1989).

Plaintiff has made no showing as to the fourth prong of the required *prima facie* case. Instead, Plaintiff cites Miles v. Dell, Inc., 429 F.3d 480, 486-87 (4th Cir. 2005), for the proposition that the Fourth Circuit "does not always require strict adherence to this additional element." Pl. Oppn. at 11. However, the Miles case limited its narrow exception to "cases where the plaintiff can show that the firing and replacement hiring decisions were made by different decisionmakers." Id. at 489. Plaintiff has made no such showing in this case. As a

result, Plaintiff's case is governed by the general rule that a plaintiff must show that she was replaced by someone outside of the protected class. She has not done so.

Moreover, even if Plaintiff had established a *prima facie* case of discrimination, Plaintiff has not demonstrated that the Department's proffered legitimate, nondiscriminatory reason for her termination was pretextual. All of the eyewitnesses contradicted Plaintiff's account of the incident and corroborated the fact that Plaintiff struck and kicked Officer Mason. Pl. Oppn., Exh. 4. None of the eyewitnesses supported Plaintiff's statement that Officer Mason had pulled her hair to initiate the incident. Pl. Oppn., Exh. 4. These facts support the Department's conclusion that Plaintiff assaulted a co-worker and made untruthful statements about the incident. Plaintiff's only arguments for pretext are that the Department never explored her claim of racially motivated teasing and never explained why she would have launched an unprovoked attack on Officer Mason. Given the fact that the Department was not advised of the racially motivated teasing until after Plaintiff's termination, those facts do not undermine the Department's proffered non-discriminatory reason for her firing.

In short, Plaintiff is unable to establish a *prima facie* case for her hostile work environment and discriminatory discharge claims, and also has failed to establish a genuine issue of material fact as to pretext. A separate order effectuating the rulings made in this memorandum is being entered herewith.


Dated: <u>May 19, 2011</u>                                                   _____ /S/_____
                                                                                                                                   J. Frederick Motz
                                                                                                                                   United States District Judge